[No. 4735.]

THE BOARD OF COUNTY COMMISSIONERS OF TELLER COUNTY v. THE INDEPENDENCE CONSOLIDATED GOLD MINING CO.

**Taxes and Taxation—Relief from Unjust Assessment—Jurisdiction—Appellate Practice.**

The supreme court has not jurisdiction to review a judgment of the district court rendered on an appeal from the action of the board of county commissioners upon a petition for relief from an unjust assessment of taxes, where only a construction of statutes is necessary to a determination of the case.

*Appeal from the District Court of Teller County: Hon. Robt. E. Lewis, Judge.*

*Motion to Dismiss Appeal.*

Mr. SCOTT ASHTON and Mr. HARVEY RIDDELL, for appellant.

Messrs. McALLISTER & GANDY, for appellee.

*Per Curiam.*—These proceedings under the act of March 28, 1889 (Session Laws 1889, 24), were instituted by the appellee before the board of county commissioners of Teller county for relief against an

unjust and erroneous assessment of mining property. The taxpayer was unsuccessful before the board, but upon an appeal, under that act, to the district court of Teller county, the relief prayed for was obtained. The board now seeks relief from that judgment through this appeal.

The questions involved are in all substantial particulars the same as those considered in *Pilgrim Cons. M. Co. v. Board of Co. Comrs. of Teller Co. et al.,* 32 Colo. 334, wherein it was held that the supreme court does not have jurisdiction to review such judgments of the district court where only, as here, a construction of statutes is necessary to a determination of the case. The decision there is decisive here, and the appeal is dismissed.

After the Pilgrim Con. Mining Co. case, *supra,* was decided here, it was taken by writ of error to our court of appeals, where it was held that the statute creating this special proceeding makes no provision for a review by error or appeal of judgments of the district court rendered thereunder.—20 Colo. App. ——(78 Pac. 617). Into that determination we are not required to go. It is sufficient merely to say now that by our former decision, *supra,* the supreme court is without jurisdiction to entertain this appeal.

*Appeal dismissed for want of jurisdiction.*